IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSE M. RESENDIZ,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION<br><br><br>Case No. 2:22-CV-357 TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on Plaintiff Jose M. Resendiz's Motion for Writ of Habeas Corpus Pursuant to 18 U.S.C. § 2241. For the reasons discussed below, the Court will dismiss this matter without prejudice.

  Mr. Resendiz alleges that his sentence has been incorrectly calculated. Specifically, he argues that he has not received the Earned Time Credit ("ETC") to which he is entitled under the First Step Act based on his participation in "evidence-based recidivism reduction programming or productive activities."

  Both the First Step Act and 18 U.S.C. § 2241 require a movant to exhaust all available administrative remedies before seeking relief from a court.[1]  Mr. Resendiz has not provided the

---

[1] *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement."); 18 U.S.C. § 3582(c)(1)(A) (providing that a court may modify a term of imprisonment upon motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .").

1

court with any information suggesting that he has exhausted any administrative options for seeking a reevaluation of his sentence. Mr. Resendiz has also not alleged that efforts toward such exhaustion efforts would be futile.[2] Accordingly, the Court will dismiss this matter without prejudice. Mr. Resendiz is directed to seek resolution to this matter through the available administrative channels. Upon exhausting these options, Mr. Resendiz may refile his petition if the resulting administrative remedies have not satisfied his concerns.

It is therefore

ORDERED that Plaintiff's Motion is DENIED and this matter is dismissed without prejudice.

DATED this 6th day of September, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

---

[2] *Garza*, 596 F.3d at 1203 ("A narrow exception to the exhaustion requirement [for a § 2241 petition] applies if a petitioner can demonstrate that exhaustion is futile.").